IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHAZMAN HENDRIX, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action File No. |
| vs. | : | |
| | : | |
| THE TOMAL CORPORATION | : | |
| d/b/a Wildcat Striping and | : | |
| Sealing, and JOHN | : | |
| CAMPBELL, | : | |
| | | |
| Defendants. | | |

## COMPLAINT

Plaintiff Chazman Hendrix ("Hendrix") brings this Complaint against Defendants The Tomal Corporation d/b/a Wildcat Striping and Sealing ("Tomal") and John Campbell ("Campbell") and shows the Court as follows:

## 1.  INTRODUCTION

1.

This is a wage and hour case.

2.

Tomal operates a paving company in the metropolitan Atlanta area. It employed Hendrix as a mechanic and driver from May 2021 through December 14, 2021. During his employment, Hendrix often worked more than forty (40) hours in a workweek. Defendants failed to compensate him for those hours as required by the Fair Labor Standards Act. In addition, Defendants failed to compensate Hendrix at or above the minimum wage for work performed during his last week of work.

1

3.

In addition to his federal causes of action, Hendrix asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

(a) **Jurisdiction and Venue**

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Tomal is located in Decatur, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

6.

Hendrix resides in Cobb County, Georgia.

7.

Tomal employed Hendrix as a driver and mechanic in and around Atlanta, Georgia from approximately May 2021 through December 14, 2021 (hereafter "the Relevant Time Period").

8.

At all times material hereto, Hendrix has been an "employee" of Tomal within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Tomal is a domestic profit corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Tomal was an "employer" of Hendrix within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

11.

Tomal is subject to the personal jurisdiction of this Court.

12.

Tomal may be served with process through its registered agent Henry Dunn at 1415 Blyth Walk, Snellville, Georgia 30078.

13.

At all times material hereto, Hendrix was an "employee" of Campbell within the meaning of the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

14.

Campbell resides in Fulton County, Georgia.

15.

At all times material hereto, Campbell was an "employer" of Hendrix within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

16.

Campbell is subject to the personal jurisdiction of this Court.

17.

Campbell may be served with process at 9045 Etching Overlook 1, Duluth, Georgia 30097.

**(c) Individual Coverage**

18.

During the Relevant Period, Hendrix was "engaged in commerce" as an employee of The Tomal Corporation within the meaning of the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**(d) Enterprise Coverage:**

19.

At all times during the Relevant Time Period, Tomal was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

During 2021, Tomal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During the Relevant Time Period, Hendrix and other employees of Tomal handled goods which moved in interstate commerce in the furtherance of the

commercial purpose of Tomal including trucks, gasoline, engine oil, truck parts, and cellular phones.

22.

During 2021, Tomal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2021, Tomal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all times during the Relevant Time Period, Tomal has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) Statutory Employer**

25.

At all times during the Relevant Time Period, Campbell served as the Chief Executive Officer of Tomal.

26.

At all times during the Relevant Time Period, Campbell was an owner and/or operator of Tomal.

27.

At all times during the Relevant Time Period, Campbell exercised operational control over Hendrix's work activities.

28.

At all times during the Relevant Time Period, Campbell was involved in the day-to-day operation of Tomal.

29.

Campbell hired Hendrix to work on behalf of Tomal.

30.

At all times during the Relevant Time Period, Tomal vested Campbell with supervisory authority over Hendrix.

31.

At all times during the Relevant Time Period, Campbell exercised supervisory authority over Hendrix.

32.

At all times during the Relevant Time Period, Campbell scheduled Hendrix's working hours or supervised the scheduling of Hendrix's working hours.

33.

At all times during the Relevant Time Period, Campbell exercised authority and supervision over Hendrix's compensation.

**(f) Lack of Exemption**

34.

At all times material hereto, Hendrix was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

35.

At all times during the Relevant Time Period, Hendrix was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

36.

At all times during the Relevant Time Period, Tomal did not employ Hendrix in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

37.

At all times during the Relevant Time Period, Tomal did not employ Hendrix in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

38.

At all times during the Relevant Time Period, Tomal did not employ Hendrix in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

39.

At all times during the Relevant Time Period, Hendrix did not supervise two or more employees.

40.

At all times during the Relevant Time Period, Tomal did not employ Hendrix in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

41.

At all times during the Relevant Time Period, Hendrix was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

42.

At all times during the Relevant Time Period, Hendrix's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

43.

At all times during the Relevant Time Period, Plaintiff operated a Mack Lowboy, in his performance of work on behalf of Defendants.

44.

At no time during the Relevant Time Period, did Hendrix travel outside of the State of Georgia in the performance of his duties for Tomal.

45.

At all times during the Relevant Time Period, Hendrix did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

46.

At all times during the Relevant Time Period, Hendrix did not perform safety related maintenance or repairs on "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

**(g) Additional Factual Allegations**

47.

Campbell initially hired Hendrix to work for Tomal as a mechanic.

48.

Approximately one month after Hendrix began his employment with Defendants, Campbell requested Hendrix's services as a driver in addition to his services as a mechanic.

49.

At all times during the Relevant Time Period, Defendants compensated Hendrix on a salaried basis.

50.

Upon hire, Defendants advised Hendrix that his salary was meant to pay him for 40 hours worked each work week.

51.

At all times during the period from May 2021 through October 24, 2021, Defendants compensated Hendrix $1,500.00 per week, regardless of the number of hours he worked each week.

52.

At all times during the period from October 25, 2021 through December 14, 2021, Defendants compensated Hendrix $1,596.15 per week, regardless of the number of hours he worked each week.

53.

At all times during the Relevant Time Period, Defendants generally scheduled Hendrix to work five (5) days during each work week, Monday through Friday.

54.

During the Relevant Time Period, Hendrix also occasionally worked on Saturdays.

55.

During the period from May 2021 through October 2021, Hendrix regularly worked from 7:00 a.m. until 6:00 p.m. or later during each work shift.

56.

During approximately the last 2 months of his employment with Defendants, Hendrix regularly worked from 7:00 a.m. until 3:00 p.m. during each work shift.

57.

During the Relevant Time Period, Hendrix usually worked between 40-50 hours during most work weeks.

58.

During the Relevant Time Period, Defendants were aware of the actual number of hours Hendrix worked.

59.

Defendants knew or should have known that the FLSA applied to Hendrix.

60.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Hendrix at a rate of no less than $7.25 per hour for every hour worked in a work week.

61.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Hendrix at a rate of at least $7.25 per hour for every hour worked in a work week.

62.

Tomal failed to compensate Hendrix at a rate of $7.25 per hour for each hour he worked during his last week of employment.

63.

Tomal willfully failed to compensate Hendrix at a rate of $7.25 per hour for each hour he worked during his last week of employment.

64.

Defendants knew or should have known that the Maximum Hours provisions of the FLSA applied to Hendrix.

65.

Defendants knew or should have known that Hendrix was entitled to FLSA overtime protections.

66.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Hendrix at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

67.

At all times during the Relevant Time Period, Hendrix regularly worked more than forty (40) hours during a workweek.

68.

At all times during the Relevant Time Period, Defendants failed to pay Hendrix at one-and-one-half times this regular rate for time worked in excess of forty (40) hours in any and all workweeks.

69.

During his final week of employment, Hendrix worked Monday through Thursday.

70.

Defendants compensated Hendrix no more than $75.00 for this last week of work.

71.

Defendants failed to compensate Hendrix for all hours he worked during his last week of employment with Defendants.

## COUNT 1 - FAILURE TO PAY MINIMUM WAGE

72.

The allegations in paragraphs 1-71 above are incorporated by reference.

73.

At all times material hereto, Hendrix has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

74.

Defendants willfully failed to compensate Hendrix at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA for work performed during his last week of employment.

75.

As a result of the underpayment of minimum wages as alleged above, Hendrix is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

76.

As a result of the underpayment of minimum wages as alleged above, Hendrix is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of minimum wages as alleged above, Hendrix is entitled to reimbursement of his reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II - FAILURE TO PAY OVERTIME

78.

The allegations in paragraphs 1-76 above are incorporated by reference.

79.

At all times during the Relevant Time Period, Hendrix has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

80.

At all times during the Relevant Time Period, Hendrix regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

81.

At all times during the Relevant Time Period, Defendants failed to pay Hendrix at one-and-one-half times his regular rate for time worked in excess of forty (40) hours during each work week.

82.

At all times during the Relevant Time Period, Defendants willfully failed to pay Hendrix at one–and–one–half times his regular rate for work in excess of forty (40) hours in any week from May 2021 through December 14, 2021.

83.

Hendrix is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

84.

As a result of the underpayment of overtime compensation as alleged above, Hendrix is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

85.

As a result of the underpayment of overtime compensation as alleged above, Hendrix is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III - BREACH OF CONTRACT

86.

The allegations in paragraphs 1-84 above are incorporated by reference.

87.

Hendrix and Tomal were parties to a contract of employment (hereafter "the Contract") from on or about May 2021 through December 14, 2021.

88.

The Contract provided that Tomal would pay Hendrix for work that was performed by Hendrix on behalf of and for the benefit of The Tomal Corporation.

89.

Tomal's failure to pay Hendrix for work performed during his last week of employment constitutes a material breach of the Contract.

90.

As the direct and foreseeable result of this breach, Hendrix has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT IV – QUANTUM MERUIT

91.

The allegations in paragraphs 1-89 above are incorporated by reference.

92.

From on or about May 2021 through December 14, 2021, Hendrix served as a driver and mechanic for Tomal.

93.

Hendrix's service as a driver and mechanic for Tomal as described above was valuable to Defendant Tomal.

94.

Tomal requested Hendrix's service as a driver and mechanic.

95.

Tomal knowingly accepted Hendrix's service as a driver and mechanic.

96.

The receipt of Hendrix's services as a driver and mechanic for Tomal without compensation would be unjust.

97.

Hendrix expected to be compensated at the time he provided his services as a driver and mechanic.

98.

Hendrix is entitled to a recover from Tomal the reasonable value of the service he provided as a driver and mechanic for Defendants during his last week of employment, in an amount to be determined at trial.

16

## COUNT V - PROMISSORY ESTOPPEL

99.

The allegations in paragraphs 1-97 above are incorporated by reference.

100.

From in or about May 2021, Tomal promised to pay Hendrix in return for Plaintiff's service as a driver and mechanic for it.

101.

Tomal should have reasonably expected that Hendrix would induce action in reliance of said promise, *i.e.,* serve as a driver and mechanic for Tomal.

102.

Tomal's promise induced Hendrix to act in reliance thereof, *i.e.,* to serve as a driver and mechanic, to his detriment.

103.

Hendrix's service as a driver and mechanic for Tomal conferred a benefit on Tomal.

104.

Tomal failed to pay Hendrix in accordance with its promise.

105.

Hendrix relied on Tomal's promise.

106.

Hendrix's reliance on Tomal's promise was reasonable.

107.

Injustice can only be avoided by enforcement of Tomal's promise.

108.

Hendrix is entitled to a recover from Tomal the reasonable value of the services he provided as a driver and mechanic for Defendants, in an amount to be determined at trial.

WHEREFORE, Hendrix respectfully prays:

1. That his claims be tried before a jury;

2. That he be awarded due but unpaid minimum wages in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;

3. That he be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;

4. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally;

5. That he be awarded damages in an amount to be proved at trial against Tomal for the state law claims herein asserted in amounts to be proven at trial;

6. That he be awarded nominal damages; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303          /s/CHARLES R. BRIDGERS
(404) 979-3150                  CHARLES R. BRIDGERS
(404) 979-3170 (f)              GA. BAR NO. 080791
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com /s/ KEVIN D. FITZPATRICK, JR.
                                KEVIN D. FITZPATRICK, JR.
                                GA. BAR NO. 262375